NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

EAST TEXAS STEEL CASTINGS COMPANY, Inc., Respondent.

No. 14459.

United States Court of Appeals Fifth Circuit.

Aug. 25, 1960.

Thomas J. McDermott, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., for petitioner.

O. B. Fisher, J. D. McLaughlin, Paris, Tex., for respondent.

Before RIVES, Chief Judge, and HUTCHESON and JONES, Circuit Judges.

PER CURIAM.

In May 1954 we entered a decree directing respondent, East Texas Steel Castings Company, Inc., inter alia, to offer reinstatement to welder W. C. Bogan and to make him whole for any loss of pay he may have suffered by reason of respondent's discrimination in discharging him. N. L. R. B. v. East Texas Steel Castings Co., Inc., 5 Cir., 211 F.2d 813. On June 23, 1954, Bogan was reinstated at $1.25 an hour, the wage he had been earning when he was discharged. At the time Bogan was reinstated, other welders of comparable skill and ability were earning $1.40 an hour.

A dispute arose as to the amount of back pay Bogan was entitled to receive. The parties being unable to resolve the issue, the National Labor Relations Board held a hearing on January 31, 1955 to determine the amount of loss suffered by each discharged employee.

The Board held that Bogan should have been reinstated at the rate of $1.40 ("the going rate")—rather than at his old rate of $1.25. The Board ordered that Bogan receive the difference between $1.25 per hour and $1.40 per hour from June 23, 1954 (the day he was reinstated) until January 31, 1955 (the first day of the back pay hearing) in the amount of $196.74. This Court enforced the Board's back pay determination. N. L. R. B. v. East Texas Steel Castings Co., Inc., 5 Cir., 1958, 255 F.2d 284. It ordered that respondent pay to Bogan $2,628.03, representing the sum of (1) "back pay" for the period between the date of discharge (April 17, 1951) and the date Bogan was reinstated (June 23, 1954) plus (2) the amount which Bogan would have made had he been reinstated at $1.40 instead of $1.25. (This is the $196.74 computed above.) On August 4, 1958, this Court issued a supplemental decree in this cause, containing the following language:

"It is further ordered, adjudged and decreed that Respondent * * shall increase the rate of pay of W. C. Bogan to the proper rate of pay per hour as described in the Board's Supplemental Decision and Order, and shall make him whole for the period between January 31, 1955, and the date Respondent so increases his rate, by payment to him of the difference between his actual earnings and the sum he would have earned had he been employed at the proper rate of pay."

The parties are now before us with differing interpretations of the above-quoted language. The employer contends that this passage means that, in addition to the $2,628.03, it must pay Bogan the difference between his actual wages and $1.40 an hour from January 31, 1955 to September 1, 1957 (the date on which Bogan's pay was increased to $1.40 per hour).

The Board claims that this Court held that the employer must pay Bogan a sum equal to the difference between what Bogan actually made and what welders of similar skill and ability were making from January 31, 1955 to X (this date is not given). The Board's position is based on the fact that *following the back pay hearing before the Board* the employer gave all welders of similar skill and ability a series of pay increases. Bogan also received a number of pay increases, but his rate continued to be lower than that received by other welders of similar skill and ability. Thus the Board claims that when the Court used the language "proper rate of pay" in its Supplemental Order of August 4, it was talking about the rate that other welders of similar skill and ability were making from January 31, onward, rather than the $1.40 rate.

We sustain the position of the respondent-employer. The hearing examiner in the back pay proceeding was concerned solely with the rate of pay at which

Bogan was to be reinstated on the day of reinstatement. The hearing examiner found that the "going rate" as of that date was $1.40. When this Court enforced the Board's order, we held that Bogan should have been reinstated at $1.40 and that he would be made whole by paying him the difference between his actual rate of pay and $1.40 from June 23, 1954 (the date he was reinstated) until September 1, 1957 (the date his pay was increased to $1.40). What the Board is in fact claiming is that, because Bogan did not receive the full benefit of the pay increases which the other welders received, Respondent unlawfully discriminated against him. This, if true, might be another unfair labor practice to be prosecuted through the usual channels, but it is not violative of the supplemental decree entered in the present case.