977 F.2d 595
 142 L.R.R.M. (BNA) 2440
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 LA FAVORITA, INC., Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 92-9509.
 United States Court of Appeals, Tenth Circuit.
 Sept. 30, 1992.
 
 Before LOGAN, EBEL and PAUL KELLY, Jr., Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This matter is before the court on the petition of La Favorita, Inc. for review of an order of the National Labor Relations Board finding it in violation of sections 8(a)(1) and 8(a)(4) of the National Labor Relations Act. The Board has filed a cross application for enforcement. We grant the Board's application for enforcement. See 29 U.S.C. § 160(e).
 
 
 3
 "Enforcement of an order should be granted if the Board correctly applied the law and if its findings are supported by substantial evidence in the record as a whole." Glaziers Local Union 558 v. NLRB, 787 F.2d 1406, 1411 (10th Cir.1986). Here, the Board adopted the findings and conclusions of the Administrative Law Judge (ALJ), as well as, with slight modification, the ALJ's order. We have carefully reviewed the record and pleadings in this matter, and conclude the decision of the Board is supported by substantial evidence.
 
 
 4
 The ALJ found that La Favorita violated the Act when it retaliated against employee Petronilo Garcia for testifying against the company in a prior Board proceeding. The decision followed a two-day hearing in which the ALJ heard extensive testimony from both sides. Virtually all the testimony was contested. In particular, the description of the events underlying the violations differed greatly. Thus, the ALJ was required to base his decision on the credibility of the witnesses.
 
 
 5
 "[W]hen, as here, the issues presented are largely ones of credibility, we will not lightly overturn the decision of the ALJ who had the opportunity to hear the testimony and view the witnesses." NLRB v. First Nat'l Bank of Pueblo, 623 F.2d 686, 691 (10th Cir.1980). Credibility determinations, such as those required in this case, are particularly within the province of the ALJ. McLane/Western, Inc. v. NLRB, 723 F.2d 1454, 1458 (10th Cir.1983). We have scrutinized this record and hold that there is substantial evidence to support the decision of the ALJ.
 
 
 6
 La Favorita's petition for review is DENIED. The National Labor Relations Board's cross application for enforcement is GRANTED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3